IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COLLINS O. NYABWA § | |
| Plaintiff, § | |
| V. § | |
| § | |
| JUDGE SHARON KELLER, JUDGE § | A-15-CV-0735-SS-ML |
| LAWRENCE E. MYERS, JUDGE BERT § | |
| RICHARDSON, JUDGE KEVIN YEARY, § | |
| JUDGE CHERYL L. JOHNSON, JUDGE § | |
| MICHAEL KEASLER, JUDGE § | |
| BARBARA HERVEY, JUDGE ELSA § | |
| ALCALA, AND JUDGE DAVID § | |
| NEWELL, § | |
| Defendants. § | |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
REPORT AND RECOMMENDATION ON THE MERITS**

TO THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion For Leave to Proceed In Forma Pauperis (Clerk's Dkt. #1). Because Plaintiff is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).[1]

---

[1] That statute provides, in relevant part:
   Nothwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
      (A) the allegation of poverty is untrue; or
      (B) the action or appeal—
         (i) is frivolous or malicious;
         (ii) fails to state a claim on which relief may be granted; or
         (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

1

## I.  REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Plaintiff's financial affidavit and determined he is indigent and should be granted leave to proceed in forma pauperis.  Accordingly, the Court hereby GRANTS Plaintiff's request for in forma pauperis status.  The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although he has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  REVIEW OF THE MERITS OF THE CLAIMS

Pursuant to 42 U.S.C. § 1983, Plaintiff Nyabwa seeks money damages of $5,000,000 against the judges of the Texas Court of Criminal Appeals for allegedly refusing to rule on his pending state habeas petition, which seeks a declaration of actual innocence on grounds that the Improper Photography statute under which Nywabwa was convicted (Tex. Pen. Code §21.15(b)(1)) is facially unconstitutional. Compl. [Dkt. #1] at 19-21.  Nyabwa acknowledges that judges are ordinarily entitled to absolute judicial immunity for actions taken in their judicial capacity, unless those actions are taken in "the clear absence of all jurisdiction." *Id.* at 19

(quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). He nevertheless contends that the Court of Criminal Appeals' refusal to rule on the merits of his actual innocence and constitutional claims is motivated purely by political considerations, and this "political oppression by appellate justices [is] the quintessential 'clear absence of all jurisdiction.'" Compl. [Dkt. #1] at 19 (quoting *Stump*, 435 U.S. at 356-57).

### A.  Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In this case, all of the defendants are entitled to absolute judicial immunity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Because Plaintiff's complaint seeks damages from defendants who are entitled to immunity, dismissal is appropriate unless anexception to the doctrine of judicial immunity applies to the alleged misconduct in this case. 28 U.S.C. § 1915(e)(2)(B)(iii). Judicial immunity applies to all of defendants' acts taken in a judicial capacity, unless those acts are taken in the complete absence of all jurisdiction. *Ballard*, 413 F.3d at 515-16 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

### B.  Discussion

Despite Nyabwa's contention that the Judge's acts of "political oppression" are inherently without jurisdiction, it is apparent that all of the acts underlying Nyabwa's complaint are actions taken by judges in their capacity as officers of the court deciding cases under their jurisdiction. *See* Compl. [Dkt. #1] at 14-19. Plaintiff alleges"[t]he Justices since 2012 have stone-walled petitioner's valid legal claim for fear of political backlash by Texas voters," *id.* at 14 and further claims "Petitioner's current 5 month delay is also purely political, to wit; This

Court is simply waiting for September 1, 2015 when the modified Improper Photography law comes into effect." *Id.* According to Nyabwa, "The Texas Court is waiting for the new Improper Photography law to come into effect on September 1, 2015 so they can apply the political fix handed down by Presiding Judge Keller" in her dissenting opinion in *Ex Parte Chance*, 439 S.W. 3d 918, 923-25 (Tex. 2014)). Compl. [Dkt. #1] at 17. The acts of denying petitions for review and petitions for habeas relief are judicial acts, and control of the court's docket is part of any court's inherent powers. *See Ballard*, 413 F.3d at 516 (quoting *Malina v. Gonzalez*, 994 F.2d 1121, 1125 (5th Cir. 1993)) (to determine whether an action is taken in a judge's judicial capacity, requiring absolute immunity, the reviewing court "examines the 'nature and function of the act, not the act itself.'")

Nyabwa does not (and cannot) allege the Court of Criminal Appeals lacked subject matter jurisdiction to rule on his petition for review and his habeas claims, nor can he plausibly allege the Court of Criminal Appeals lacked subject matter jurisdiction to issue its opinions (including the concurring and dissenting opinions) in *Ex Parte Chance*, 439 S.W.3d 918. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina*, 994 F.2d at 1125 (citing *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985)). If a judge is acting in his or her capacity as a judicial officer, and has some subject matter jurisdiction, the judge is entitled to absolute judicial immunity "***even when the judge is accused of acting maliciously and corruptly.***" *Ballard*, 413 F.3d at 515 (emphasis in original). Therefore, Nyabwa's allegations that the Judges' rulings in his and other cases were motivated by political concerns do not overcome the Judges' absolute immunity. *Id.*

Because Plaintiff's Complaint seeks only money damages against officials who are immune from suit for damages, 28 U.S.C. § 1915(e)(2)(B)(iii) requires dismissal. In light of

Plaintiff's pro se status, the undersigned recommends dismissal without prejudice to refiling. *See Patel v. Santana*, 348 F. App'x 974, 976-77 (5th Cir. 2009) (citing *Parker v. Carpenter*, 978 F.2d 190, 192 (5th Cir. 1992)) (pro se complaints should not be dismissed with prejudice "unless it appears beyond all doubt that the [plaintiff] could prove no set of facts under which he would be entitled to relief"). Plaintiff is cautioned, however, that multiple filings attempting to overcome deficiencies in a plainly meritless claim through mere artful pleading will not be tolerated and may lead to sanctions for frivolous filings. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (claim for relief is frivolous if it lacks an arguable basis in law or fact).

### III. RECOMMENDATIONS

For the reasons outlined above, the undersigned RECOMMENDS that Plaintiff's Complaint [Dkt. #1] be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted

by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED September 28, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE